UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,            Case No. 3:19-cr-412

       Plaintiff,

v.                                   MEMORANDUM OPINION
                                       AND ORDER

Kenneth Philon,

       Defendant.

## I.     INTRODUCTION AND BACKGROUND

Kenneth Philon has been charged with possessing cocaine and cocaine base with the intent to distribute and illegally possessing firearms, including in furtherance of a drug offense, following the execution of a search warrant on March 2, 2019. (Doc. No. 1). That search warrant was supported by an affidavit from Detective Ronald Brotherton III, a drug task force officer employed by the Sandusky, Ohio Police Department. (Doc. No. 12-3 at 5). Detective Brotherton sought the search warrant for Philon's residence and vehicle after investigating information that Philon was selling cocaine and crack cocaine. This investigation included the use of a confidential source, who participated in two controlled drug purchases from Philon and who recorded several conversations with Philon. (*Id.* at 6-9).

Philon now seeks an order compelling the government to disclose the dates and times of the controlled buys by the confidential source, as well as the recordings made of those controlled buys.

(Doc. No. 12). Philon argues this discovery is "critical" to his ability to "make an informed decision about whether to plead, file a Motion to Suppress[,] or go to trial . . . ." (*Id.* at 1).

The government opposes, arguing the information and recordings Philon seeks are protected from disclosure by the government's privilege to withhold the identity of a confidential informant. (Doc. No. 14). The government argues the scope of the privilege to withhold disclosure "also includes information that would tend to reveal the identity of an informer," such as phone records and audio recordings of the informer's voice. (*Id.* at 6-7).

## II.  DISCUSSION

The government has a limited "privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). A court may order the government to disclose information about a confidential source if "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause . . . ." *Id.* at 60-61. The court, in deciding whether to order disclosure, considers "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *United States v. Shanklin*, 924 F.3d 905, 913 (6th Cir. 2019) (quoting *United States v. Doxey*, 833 F.3d 692, 706 (6th Cir. 2016)).

Philon has the burden "to show how disclosure of the informant would substantively assist his defense." *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992) (citation omitted). He must offer "some evidence that disclosure . . . would assist in his defense . . . [as mere] conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." *Shanklin*, 924 F.3d at 913 (quoting *United States v. Ray*, 803 F.3d 244, 274 (6th Cir. 2015), and *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir. 1985)).

2

He presents two related reasons for his request: (1) that he is "unable to consider whether a legal defense, defense of innocence[,] or alibi defense might be available to him when the alleged buys may have occurred at any time during a given week" and (2) the information and recordings "would be material to whether Mr. Philon could mount a successful challenge to the warrant and its probable cause." (Doc. No. 12 at 2).

Philon's reasons are not persuasive. As to the first, as the government notes, Philon was not charged in connection with the controlled buys. Philon fails to offer any evidence that the confidential informant might have relevant information about the crimes for which Philon was charged. *See Ray*, 803 F.3d at 274 ("Ray was not charged with any crimes related to the controlled buy, thus the CI was not involved in, and could not testify about, the crimes for which Ray was charged and could not have provided testimony to any fact relevant to those charges.").

As to the second, Philon can only offer speculation that the identity of the confidential informant could give him a basis to successfully challenge the search warrant. *See Sharp*, 778 F.2d at 1187 ("Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure."). While not explicitly stated, the gist of Philon's purported need for disclosure is this – if Philon knows the identity of the confidential informant and the dates and times of the controlled buys, he could offer an alibi for the two controlled buys, claim the confidential informant incorrectly identified him as the seller in the controlled buys, or argue that the detective deliberately falsified information or recklessly disregarded the truth in making his affidavit in support of the search warrant application. These arguments are merely hypothetical.

Philon fails to show how evidence surrounding the controlled buys – conduct for which Philon was not charged – is relevant or helpful to his defense to the crimes for which he was charged following a "fruitful search." *United States v. Collier*, Case No. 15-20774, 2016 WL 7092982, *2 (E.D. Mich. Dec. 6, 2016) (quoting *Ray*, 803 F.3d at 274); *see also Doxey*, 833 F.3d at 708 ("Doxey

3

was not charged because of something the CI witnessed or was a part of."); *Shanklin*, 924 F.3d at 915 ("[W]ere we to permit defendants to require disclosure based on otherwise unsupported hypotheses that have no basis in the facts of the case, we would severely limit the government's ability to maintain the anonymity of reliable, and oftentimes necessary, CIs.").

### III.  CONCLUSION

For the reasons stated above, I conclude Philon has failed to carry his burden of demonstrating how the disclosure of the identity of the confidential informant would be relevant or helpful to his defense.  I deny his motion to compel discovery.  (Doc. No. 12).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge